# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERTO SORIA-ZAVALA,

    Petitioner,

-vs-                                    Case No.  8:21-cv-2891-WFJ-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") challenging a Florida conviction entered in 2012 for lewd and lascivious molestation of a minor (Doc. 1).[1] The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal, without prejudice.

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration

---

[1] Because Petitioner challenges a judgment of conviction entered in a state court, his petition is properly construed as seeking relief under 28 U.S.C. § 2254.

1

of "second or successive habeas corpus applications" in the federal courts. See 28 U.S.C. § 2244(b); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner previously sought federal habeas relief in this Court regarding the conviction he challenges in this action. *See Soria-Zavala v. Secretary, Department of Corrections*, Case No. 8:18-cv-327-CEH-AEP (M.D.Fla.) (petition denied March 1, 2021). The instant petition therefore is a second or successive petition. Petitioner has not shown that he has received authorization from the court of appeals to file a successive habeas petition. Consequently, this Court lacks jurisdiction to grant Petitioner relief. *See Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Therefore, under § 2244(b)(3), this case will be dismissed without prejudice to Petitioner to seek authorization from the Eleventh Circuit Court of Appeals to file a successive habeas corpus petition in this Court.

Accordingly:

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice as an unauthorized second or successive petition.

2. The **Clerk** is directed to send to Petitioner the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b), terminate all pending

motions, and close this case.

**ORDERED** in Tampa, Florida, on December 15, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Petitioner, *pro se*